Allen P.
delivered the opinion of the court:
The defendant in error, the holder' of a protested negotiable note, instituted an action of debt against B. A. Hogshead the maker, and the plaintiffs in error, and Harman and Snapp who are endorsers.
The action was a joint one under the act of assembly, and the defendants in the court below united in the pleas of “nil debet” and usury. By • the record it would seem that issue was joined on the plea of nil debet only, but the bill of exceptions shows that on the trial the defendants offered the testimony which was objected to in support of both pleas. It has been conceded in argument here that issues were made up, and the case tried on both pleas; and that the plaintiffs in error are enti *95 tied to tlie benefit of their exceptions, if the evidence offered and rejected was legal and relevant to either of the issues.
After issues had been joined as aforesaid, and various proceedings had, the maker confessed judgment in the elerk’s office for the debt in the declaration mentioned, with interest thereon till paid, the charges of protest, and the costs of suit; and final judgment was thereupon entered against him separately.
On the trial, after the plaintiff had given in evidence the negotiable note and protest, the defendants, in sup-poi’t of the issues joined on the pleas of nil debet and usmy, gave in evidence the said confession of judgment by'the maker, and then proposed to read as evidence the deposition of the maker, with a release to him by the two prior endorsers who are the plaintiffs in error here.
The reading of this deposition was objected to upon the ground, that the maker was an incompetent witness on the score of interest in the event of the suit, as the two last endorsers, Hannan and Snapp, had not released him. The com’t excluded the deposition from the jury, and the correctness of this decision is the only question for consideration here.
It was decided in Taylor v. Beck, 3 Rand. 316, that a party to a negotiable instrument was a competent witness to invalidate it. In that case, the witness was an endorser, and was offered to invalidate the note by proving usury. The conflicting decisions of the English' courts in Walton v. Shelley, 1 T. R. 296; and Jordaine v. Lashbrook, 7, T. R. 601; were reviewed by the judges, and the rule adopted in the last case was' approved, and has ever since been recognized and followed in this State. But in the case of Taylor v. Beck, the witness was rejected, not because he was a party to the negotiable note, but because, owing to the pi’oceedings there, he had a certain interest in the event of the cause to be *96 effected by the verdict being given in evidence against him. There, as here, suit was brought against the several parties to the negotiable instrument jointly under ac^ assemTly* The endorser, offered as a witness, confessed judgment. The court held that his confession, ag iaw then stood, could only be received and entered as an interlocutory judgment dependent on the final judgment to be rendered in the cause; that the confessing defendant must receive the same judgment as his co-defendants ; he was therefore interested in the final judgment, and as costs might be incurred after his confession, he was interested to that extent, and was thereby rendered incompetent. Conceding for the purposes of this case, as it has been insisted on by the plaintiffs in error, that by the Code, p. 651, ch. 171, § 41, it was proper to take a confession of judgment in the clerk’s office, after the case was upon the trial docket, and that by the Code, p. 653, ch. 171, § 49, such a confession in a joint action by one of the joint-defendants is final; that he thereupon ceases to be a party to the record as to all subsequent proceedings, not responsible for any further costs incurred by the other defendants thereafter in continuing to defend the cause, and therefore not interested in the final judgment; a new provision, introduced since the case of Taylor v. Beck was decided, materially effects the question of competency in this case.
By the Code, p. 587, ch. 146, § 6, it is provided, “that if any person liable as bail, surety, guarantor, or endorser, &c., shall pay in whole or in part any judgment, decree, or execution rendered or awarded on account of such liability, the person having right of action for the amount so paid may by motion in the court, in which the said judgment, decree, or execution was rendered or awarded, obtain judgment or decree against any person, against whom such right of action exists, for the *97 amount so paid with interest from the time of payment and five per centum damages on said amount.”
Notwithstanding the release of two of the endorsers to the maker, he still continued responsible to Harman and Snapp, later endorsers, who were jointly sued, not only for the amount that they might be compelled pay on the judgment, with interest from time of payment, but also for the five per centwm damages on said amount. This liability to these damages is a liability over and beyond the amount for which he is liable under the judgment confessed by him, and a verdict and judgment thereafter rendered against his endorser, would be conclusive evidence against the maker of the right of the endorser to recover in such motion the five per centum damages on the amount paid. The words, “ may by motion, &e.,” do not, as was insisted in argument, show that the liability for these damages is contingent, depending upon the mere -discretion of the court. These words refer, not to the court, but to the party.
The remedy given by the statute is cumulative. He has his common law right of action, or he may proceed by motion. If he does resort to the latter remedy, the court has no more discretion to refuse to give judgment for such damages, than it has to refuse to givé judgment for the amount paid with the interest.
The witness, therefore, was directly interested in the event of the suit against his endorsers, an interest to be effected by the verdict and judgment being given in evidence against him upon a motion to recover the amount paid by any such endorser, with interest and the fiye per centum damages: and, therefore, in the absence of a release by any endorser who was a defendant in said joint action, and had united in the joint pleas of nil debet and usury, the maker was an incompetent witness to invalidate,the instrument by proof of usury.
This conclusion is not in conflict wdth the case of *98 Steele v. Boyd, 6 Leigh 547. That was an independent motion by the security in a delivery bond for an exoneratwr, on the ground of an agreement between the cre<^or an<^ principal, to give the latter .time. The principal had no interest in the result of this motion j ^.g por the ¿yjt -would not be effected by the discharge of Ms surety, or the failure of the surety to be exonerated from it; for, as judge Tucker observed in' that case, “ if this were so1, then in all cases where the surety is discharged by the creditor’s conduct, the principal will be discharged also, wMch cannot be pretended.” In that case, therefore, the witness stood indifferent. He continued liable for the debt, whatever might be the result of the surety’s motion, he was no party to the proceeding, was not liable for the' costs, and the judgment therein, if against the surety, could not be evidence against the principal in any other proceeding. In this case the judgment against the endorser is the foundation upon which the motion rests to recover' from Mm the amount paid by the endorser,- with the interest and five per centum damages.
I -tMnk the court properly held the maker .to be an ■ incompetent witness in this case to invalidate the note, and that the judgment should be affirmed.
Judgment .Affirmed.